1  Claudia Center, State Bar No. 158255
   Ccenter@las-elc.org
2  Jinny Kim, State Bar No. 208953
   jkim@las-elc.org
3  THE LEGAL AID SOCIETY-EMPLOYMENT LAW CENTER
   600 Harrison St., Suite 120
4  San Francisco, CA 94107
   Telephone: (415) 864-8848
5  Facsimile: (415) 864-8199

6  Attorneys for Plaintiff Gerald Greene

7  Clint D. Robison, State Bar No. 158834
   crobison@hinshawlaw.com
8  Angeli C. Aragon, State Bar No. 176142
   aaragon@hinshawlaw.com
9  Amy K. Jensen, State Bar No. 226589
   ajensen@hinshawlaw.com
10 HINSHAW & CULBERTSON LLP
   11601 Wilshire Boulevard, Suite 800
11 Los Angeles, CA 90025
   Telephone: (310) 909-8000
12 Facsimile: (310) 909-8001

13 Attorneys for Defendants Music Express San Francisco and
       Music Express, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD GREENE, | ) CV 09 1015 MMC |
| Plaintiff, | ) |
| v. | ) [PROPOSED] STIPULATED PROTECTIVE ORDER |
| MUSIC EXPRESS SAN FRANCISCO and MUSIC EXPRESS, INC., | ) |
| Defendants. | ) |

Whereas the parties, by and through their attorneys of record, stipulate to the following protective order:

A. CONFIDENTIAL MATERIAL. As used herein, the term CONFIDENTIAL MATERIAL means the medical records of plaintiff Gerald Greene and the information contained therein. CONFIDENTIAL MATERIAL also means financial, proprietary and/or trade secret documents and the information contained therein.

B. DESIGNATION. Any CONFIDENTIAL MATERIAL supplied shall be labeled by the supplying party as "CONFIDENTIAL."

C. CHALLENGE TO DESIGNATION. A party shall not be obligated to challenge the propriety of a document's designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation of any information, the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the designating party asserting confidentiality shall have the burden of showing the propriety of such designation.

D. QUALIFIED PERSON -- CONFIDENTIAL MATERIAL. With respect to "CONFIDENTIAL" MATERIAL, a "QUALIFIED PERSON" is included in one of the following categories: (1) all counsel of record engaged in the litigation of this matter on behalf of a party, including attorneys and their employees assisting in this matter; (2) experts, consultants, investigators, or other non-party agents who are assisting counsel in the litigation of this matter on behalf of a party; or (3) the parties themselves, or in the case where the party is a corporation, corporate officers and directors of the party who are, in the opinion of counsel, necessary to assist counsel in the preparation of this case.

E. DISCLOSURE. Any document containing CONFIDENTIAL MATERIAL shall be disclosed only to persons qualified to review such MATERIAL, as specified in paragraphs D, who shall have read this Stipulated Protective Order and who shall agree to be bound by the terms hereof.

F. MAINTENANCE IN CONFIDENCE. Any QUALIFIED PERSON to whom any CONFIDENTIAL MATERIAL has been disclosed shall agree to maintain such MATERIAL in confidence and not to reveal any such MATERIAL to anyone other than a person

qualified to review such MATERIAL, as specified in paragraphs D.

G. USE LIMITED TO LITIGATION OF THIS MATTER. Any QUALIFIED PERSON to whom any CONFIDENTIAL MATERIAL has been disclosed shall agree not to use any such MATERIAL except in connection with the litigation of this case.

H. USE IN DEPOSITION. Documents designated as "CONFIDENTIAL" may be used in depositions, subject to the terms of this agreement.

I. CUSTODY OF DOCUMENTS CONTAINING CONFIDENTIAL MATERIAL. All documents of any kind containing CONFIDENTIAL MATERIAL, including notes or other records regarding the content thereof, shall be maintained in the custody of counsel of record, THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER, and no partial or complete copies thereof shall be retained by anyone else, except that:

(1) Parties as referred to in paragraph D(3) may retain "CONFIDENTIAL" MATERIAL to the extent deemed necessary by their respective counsel, provided that parties return such MATERIAL to such counsel once retention is no longer necessary or pursuant to the provisions of paragraph L, whichever comes first.

(2) Experts, consultants, investigators, or non-party agents as referred to in paragraph D(2) may retain CONFIDENTIAL MATERIAL on a temporary basis for purposes of study, analysis, and preparation of the case, provided that such an expert, consultant, investigator, or non-party agent returns to the respective counsel said CONFIDENTIAL MATERIAL, including records, notes or copies containing such MATERIAL, upon the completion of the work related thereto, and agrees in writing to be bound by the terms of this Stipulated Protective Order by signing the "Acknowledgement and Agreement to be Bound" that is attached hereto as Exhibit A.

J. DEPOSITION TRANSCRIPTS. When CONFIDENTIAL MATERIAL is contained, incorporated or discussed in a deposition transcript, arrangement shall be made with the court reporter to bind the confidential portions of the transcript separately and label it in substantially the following form:

CONFIDENTIAL -- SUBJECT TO COURT ORDER. This transcript contains

| | |
|---|---|
| 1 | CONFIDENTIAL MATERIAL not to be opened or the contents thereof to be displayed or |
| 2 | revealed except by an Order of the Court. |
| 3 | Nothing in this paragraph shall prevent the disclosure of such a confidential |
| 4 | portion of a deposition transcript to a person qualified to review such a portion, as specified in |
| 5 | paragraphs D and E. |
| 6 | K. COURT FILINGS. All documents containing CONFIDENTIAL |
| 7 | MATERIAL shall be filed in accordance with United States District Court, Northern District of |
| 8 | California Civil Local Rule 79-5. |
| 9 | L. RESOLUTION OF ACTION. Upon final resolution of this action, the |
| 10 | parties shall assemble and return to each supplying party all documents of any kind containing |
| 11 | CONFIDENTIAL MATERIAL, including notes or other records regarding the content thereof, |
| 12 | except that any such document containing attorney work product may be destroyed rather than |
| 13 | returned. |
| 14 | M. NO UNAUTHORIZED DISCLOSURE ABSENT COURT ORDER. No |
| 15 | unauthorized disclosure of CONFIDENTIAL MATERIAL shall be made, absent a Court Order. |
| 16 | N. Nothing herein shall prejudice any party's rights to object to the |
| 17 | designation of a document as CONFIDENTIAL MATERIAL, or to object to the introduction of |
| 18 | any CONFIDENTIAL MATERIAL into evidence. |
| 19 | The parties stipulate to the foregoing: |
| 20 | THE LEGAL AID SOCIETY – EMPLOYMENT LAW CENTER |
| 21 | |
| 22 | Dated: September 28, 2009   By:   /s/ Jinny Kim |
| 23 |                                     Jinny Kim |
| 24 | HINSHAW & CULBERTSON LLP |
| 25 | |
| 26 | Dated: September 28, 2009   By:   /s/ Angeli C. Aragon |
| 27 |                                     Angeli C. Aragon |
| 28 | |

1  IT IS SO ORDERED.
2
3  Dated: October 2, 2009    By: _____
4                                 The Honorable Maxine M. Chesney
                                  United States District Court Judge
5

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I hereby acknowledge that I, _____, am about to receive CONFIDENTIAL MATERIAL related to the case *Gerald Greene v. Music Express San Francisco, et al.* I certify my understanding that such MATERIAL is provided pursuant to the terms and restrictions of the Stipulated Protective Order of _____. I have been given a copy of this Order, have read it, and agree to be bound by the terms thereof. I understand that such CONFIDENTIAL MATERIAL, and any notes or records regarding the content of such MATERIAL, shall not be disclosed to others, except as permitted under the terms of said Stipulated Protective Order.

Dated:_____

_____
Printed Name

_____
Signature